CP:SLD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK            M06-0920

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                 **U N D E R   S E A L**

   - against -                          AFFIDAVIT IN SUPPORT
                                         OF AN ARREST WARRANT
LUIS GARCIA,
   also known as "Lucho,"                (T. 18, U.S.C., § 1956(h))

       Defendant.

- - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

      MICHAEL RACZYNSKY, being duly sworn, deposes and states that he is a Special Agent with the Drug Enforcement Administration (the "DEA") duly appointed according to law and acting as such.

      In or about and between October 2007 and February 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LUIS GARCIA, also known as "Lucho," together with others, did knowingly and intentionally conspire to conduct financial transactions affecting interstate and foreign commerce, to wit: the transfer, delivery and depositing of United States currency, which in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 846, knowing that the property involved in the

1

financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1/]

1. I have been a Special Agent with the DEA for approximately 4 years. Through my work with the DEA, I have participated in numerous narcotics trafficking and money laundering investigations, during the course of which I have conducted or participated in surveillance, execution of search warrants, debriefings of informants and reviews of taped conversations and records. Through my training, education and experience, I have become familiar with the manner in which narcotics are smuggled into, and distributed throughout, the United States. Through similar means, I have become familiar with the manner in which proceeds derived from the distribution of narcotics are transported and laundered. I am further

---

[1/]   Because the purpose of this affidavit is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

familiar with the efforts of persons involved in such activities to avoid detection by law enforcement.

2.   The facts set forth in this affidavit are based in part on information that I have learned from review of written documents prepared by, and conversations with, members of the DEA.  Furthermore, in portions of this affidavit that describe surveillance, all surveillance was conducted by officers assigned to the DEA or the New York County Police Department (the "NCPD"). The observations of the involved law enforcement officers have been related to me to supplement the activities that I personally observed.

3.   In or about November 2007, law enforcement recovered over 20 kilograms of cocaine from a vehicle being driven by two individuals in Bronx, New York.  At that time, one of those individuals agreed to cooperate with law enforcement (the "CW").  The CW immediately provided information to law enforcement that led to the recovery of an additional 17 kilograms of cocaine at a stash house located in a section of the Bronx, New York.[2]

4.   According to the CW, in addition to distributing kilograms of cocaine, he/she was also involved in the delivery of the proceeds that were subsequently derived from the distribution

---

[2] As noted the information provided by the CW has proven to be reliable as it has led to, among other things, the seizure of narcotics.

of that cocaine. Among other methods, the CW was aware of a jewelry store in Queens, New York, where he had been directed to transport money on two or three occasions between October and November of 2007. The CW later identified the jewelry store called "Lucho's Jewelry Store," ("Lucho's Jewelry") located at 94-10 37th Avenue, Queens New York, as the store to which the CW delivered drug proceeds. The CW was later shown a photographic lineup and identified the defendant LUIS GARCIA as the individual to whom the money was delivered at the jewelry store.

5. Subsequent surveillance by law enforcement confirmed that the defendant LUIS GARCIA, also known as "Lucho," operated Lucho's Jewelry. Surveillance further confirmed that the store was being used by the defendant to launder money.

6. In particular, on or about February 12, 2008, law enforcement observed an individual enter Lucho's Jewelry empty-handed and leave a short time later carrying a box. That individual was later stopped by law enforcement and the box in his possession was found to contain approximately $100,000 in cash.

7. Two days later, on February 14, 2008, law enforcement observed a different individual enter a white Escalade being operated by the defendant LUIS GARCIA in the vicinity of Lucho's Jewelry. At the time the individual entered the vehicle, he was empty-handed, but left a short time later

4

carrying a bag. That individual was later stopped by law enforcement and the bag in his possession was found to contain approximately $200,000 in cash. Following the recovery of the cash, the individual was advised of and waived his Miranda rights and agreed to speak with law enforcement. In response to questions, the individual admitted that he receives instructions to pick up money and later deposits it into various accounts in increments under $10,000 to avoid having the required reports filed. The individual further stated that he expected instructions to deposit this money in a similar fashion.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant LUIS GARCIA, also known as "Lucho," so that he may be dealt with according to law.

In addition, it is respectfully requested that this affidavit be filed under seal.

Michael Raczynsky
Special Agent, DEA

Sworn to before me this
14th day of October 2008

UNI                    'E JUDGE
EAS                     YORK
      S/ LOIS BLOOM